**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **3-06-CV-184-L** |
| | ) | |
| **ONE 2002 DODGE RAM 1500** | ) | |
| **QUAD-CAB TRUCK** | ) | |
| **VIN: 3D7HU18ZX2G145745** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

The government seeks an order striking the verified claim of Mary Cipriani Hernandez for lack of standing predicated on the fact that she has failed to comply with the requirements of 18 U.S.C. § 983 (a)(4)(B) and Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

Rule C(6)(a) makes the rule applicable to <u>in rem</u> forfeiture actions for violation of a federal statute. Subpart (i) of the rule requires that a person asserting an interest in the subject property file a verified statement identifying the claimant's interest and subpart (ii) further requires the person to file an answer within 20 days thereafter. The requirement that a claimant also file an answer within 20 days after filing a claim is further set out in 18 U.S.C. § 984 (a)(4)(B).

In the present case Ms. Hernandez filed a verified claim[1] on April 20, 2006 (Doc. 7), but did not subsequently file an answer within the required 20 day period.  On July 14, 2006, the government's attorney wrote Ms. Hernandez advising that she had not filed an answer and that the government would move to strike her verified claim if she failed to file an answer by July 24, 2006.  Shortly after the letter was sent a person identifying herself as Ms. Hernandez's daughter called the government's attorney apparently seeking assistance in drafting and filing an answer.  The attorney declined to assist, but referred the caller to Rule C(6) and 18 U.S.C. § 983(a) and agreed to extend the deadline for filing an answer for two weeks beyond July 24, 2006.  No answer was filed within the extended deadline nor has an answer been filed as of the date of this recommendation.

The cases cited in the government's motion and brief clearly hold that strict compliance with the pleading requirements of Supplemental Rule C(6) is generally required and that it is well within the discretion of the district court to strike the pleadings of claimants who do not strictly meet the pleading requirements.  Further procedural default need not be excused merely because the claimant is proceeding pro se.  See e.g. United States v. Three Parcels of Real Property, 43 F.3d 390, 392 (8th Cir. 1994).  The circumstances presented in the present motion also militate against excusing Ms. Hernandez's non-compliance based on her pro se status.  She did file a verified claim and she was expressly placed on notice of the deficiency in failing to satisfy the pleading requirements.  However, despite being given an extended opportunity to file an answer she failed to do so.  Further, she has filed no response to the government's motion in an effort to show any basis for not striking

---

[1] Her verified claim is less than unambiguous given the fact that she claims to be "the owner of and/or has an interest in the [seized vehicle]." (Emphasis added).

her claim.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the District Court grant Plaintiff's motion and strike the verified claim of Mary Cipriani Hernandez.

A copy of this recommendation shall be transmitted to Plaintiff and counsel for the government.

SIGNED this 24th day of October, 2006.

_Wm. F. Sanderson, Jr._
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.